IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE COAR

RICHARD PEAL,

    Plaintiff,

vs.

ZACKS INVESTMENT RESEARCH, INC.,
STEVE AUSTIN, and LEONARD ZACKS,
individually.

    Defendants.

CASE NO. 00C 7814

**Jury Trial Requested**

MAGISTRATE JUDGE BOBRICK
DEC 14 2000

## COMPLAINT

NOW COMES Plaintiff, RICHARD PEAL, by and through her attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendants, ZACKS INVESTMENT RESEARCH, INC. ("ZACKS"), et al., states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for the violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendants' discriminatory employment practices. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### JURISDICTIONAL STATEMENT

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f) to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §2000e et seq. (Title VII), and based on upon 28 U.S.C. §§1343 and 1357, and in addition, pursuant to 28 U.S.C. §1367 to secure supplemental jurisdiction over state law tort claims.

1

## PARTIES

3. Plaintiff, RICHARD PEAL, is a male citizen of the United States who resides in Illinois.

4. Defendant, ZACKS, is an Illinois corporation in good standing which does maintain a facility and conducts business in Chicago, Illinois. Defendant has continuously and does now employ more than fifteen employees and is engaged in an industry that affects commerce. Defendants, STEVE AUSTIN and LEONARD ZACKS, are individuals residing in Illinois.

## PROCEDURE

5. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 6, 2000. The EEOC issued the Plaintiff a Notice of Right to Sue on November 28, 2000. The Notice of Right to Sue was received on November 29, 2000. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety days (90) of the receipt of said Notice. Plaintiff has initiated this action within said ninety (90) day period.

## COUNT I - TITLE VII - SEXUAL HARASSMENT

The allegations contained in Count I herein pertain to Defendant, Zacks Investment Research, Inc.

6. Plaintiff incorporates paragraphs one (1) through five (5) above by reference as if fully set forth herein.

7. Defendant hired Plaintiff as an employee in 1996.

8. Plaintiff performed his duties to Defendant, Zacks', reasonable satisfaction at all times, and any assertions to the contrary are pretexts for sexual harassment.

9. In the early summer of 2000, a group of Zacks employees and high level managers collaborated to generate and disseminate throughout Zacks Investment, Inc. and the world wide web a digitally manipulated picture of Plaintiff falsely depicting him on his knees performing fellatio.

10. Zacks' Chief Operating Officer, Steve Austin, and various other Zacks employees convinced Plaintiff to sing the Elvis Presley tune which they were aware Plaintiff had performed at a karaoke bar.

11. As Plaintiff impersonated Elvis, one of Zacks' employees photographed Plaintiff.

12. Through the use of computer software, various Zacks computer programers, at Austin's direction, superimposed Plaintiff's picture onto a pornographic picture to create the false depiction of Plaintiff performing fellatio.

13. Zacks' Chief Operating Officer, Steve Austin, directed the dissemination of the digitally altered photograph of Plaintiff on the world wide web.

14. The Zacks' employees and officers called fellow employees into the office on the fourth floor of Zacks Investment Research, Inc., where the picture was created and posted on the world wide web, informing them that the doctored picture was available on a web site known as Angelfire (where it remains to date).

15. The photograph falsely depicting Plaintiff on his knees performing fellatio was created on a computer in office space on the fourth floor of Zacks Investment Research, Inc. and was posted on the world wide web from the same computer.

16. The Zacks officers who were called into the office laughed when they were shown the altered photograph.

17. Rather than directing both the destruction of the defamatory and demeaning

3

photograph and its removal from the world wide web site, high ranking Zacks officers contravened Zacks' putative zero tolerance sexual harassment policy when they instead laughed at the digitally modified photograph of Plaintiff and further disseminated the photograph throughout the company.

18. Plaintiff approached both his direct supervisor, department manager, Paul Rabrich, and Zacks' Chief Operating Officer, Steve Austin, on numerous occasions requesting that the humiliating photograph of him be destroyed and removed from the world wide web site, but no action was taken to ameliorate the effects of the hostile, abusive, and demeaning actions of Defendant.

19. On October 5, 2000, Plaintiff addressed his concerns to human resources that Zacks' management was subjecting Plaintiff to, condoning, and fomenting an extremely hostile, abusive, and humiliating work environment because of his gender, male.

20. The human resources officer told Plaintiff that she had seen the digitally altered photograph of Plaintiff performing fellatio and that it was "all over the company," off-handedly indicating that human resources could do nothing about Plaintiff's concerns.

21. In the midst of his futile efforts to secure some recovery of his dignity within Zacks Investment Research, Inc., Steve Austin, and other Zacks employees did not relent in their harassment of Plaintiff.

22. After an investigation into another Zacks employee's allegations of sexual harassment, the EEOC found that Defendant had violated the anti-sexual harassment provisions of Title VII of the Civil Rights Act of 1964, and, as part of a Conciliation Agreement between Defendant and the EEOC, the EEOC ordered Defendant to "adopt a policy which will ensure that [Zacks] maintains a work environment free of sexual harassment," and to "have a training

4

provider to better train its employees regarding its obligations under Title VII of the Civil Rights Act of 1964, as amended."

23. After a sexual harassment seminar given by the law firm of Schiff Hardin & Waite on October 16, 2000, Austin remarked, "The sensitivity training was stupid; no employee should have to attend."

24. Later the same day, Austin called Plaintiff a "dick sucker."

25. Plaintiff consistently received demeaning and abusive treatment, remarks, messages, and drawings on his desk, including, but not limited to, a manila file folder labeled, "Dick Peel" above which was a drawing of a penis, depicted as if it were a partially peeled banana.

26. High level management either knew of or both knew of and participated in subjecting Plaintiff to the gender-based abusive work environment he was forced to endure without recourse or redress within the company.

27. As a direct and proximate result of Defendant's abusive and hostile treatment of Plaintiff because of his gender, male, Plaintiff has suffered grievous harm, including, but not limited to, emotional and physical pain and suffering.

28. The aforementioned acts and omissions of Defendant constitute unlawful sex discrimination and harassment against Plaintiff in willful violation of Plaintiff's federally protected civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Declare the conduct of Defendant to violate the rights guaranteed to

5

Plaintiff pursuant to appropriate federal law;

    B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates because of gender;

    C.    Order Defendant to make whole RICHARD PEAL by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including, but not limited to front pay;

    D.    Grant Plaintiff any consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

    E.    Grant Plaintiff his attorneys fees, costs and disbursements; and

    F.    Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - TITLE VII - RETALIATION

The allegations contained in Count II herein pertain to Defendant, Zacks Investment Research, Inc.

29.    Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

30.    After Plaintiff expressed opposition throughout management and human resources to the unrelenting hostile and humiliating work conditions under which he was forced to perform because of his gender, male, Defendant terminated Plaintiff under the pretext that his position had been eliminated.

31.    In the aftermath of Plaintiff filing his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), various employees and former employees of

Zacks threatened Plaintiff's well-being, damaged his property, and attempted to coerce him to relinquish his claims against Defendant.

32. Shortly after Plaintiff filed his charge of discrimination and retained counsel to compel the expeditious removal of the humiliating photograph of Plaintiff from the world wide web, a lewd sucking sound was added to the web site, a heading was added, and a caption was placed beneath the picture, amplifying the derogatory and humiliating impact of the photograph.

33. As a direct and proximate result of Plaintiff's aforementioned expressed opposition to sexual harassment throughout management, Defendant subjected Plaintiff to heightened hostility within and outside the workplace and adverse employment action resulting in Plaintiff's pecuniary, physical, and emotion injuries.

34. The aforementioned acts and omissions of Defendant constitute unlawful retaliation for opposing sexual harassment in the workplace in willful violation of Plaintiff's federally protected civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e <u>et seq</u>.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff pursuant to appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully retaliates against individuals who expressly oppose gender discrimination and/or sexual harassment in the workplace;

C. Order Defendant to make whole RICHARD PEAL by providing the

affirmative relief necessary to eradicate the effects of its unlawful practices, including, but not limited to front pay;

D. Grant Plaintiff any consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

E. Grant Plaintiff his attorneys fees, costs and disbursements; and

F. Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT III - NEGLIGENT SUPERVISION AND RETENTION OF EMPLOYEES

The allegations contained in Count III herein pertains to Defendants, Leonard Zacks and Zacks Investment Research, Inc.

35. Paragraphs one (1) through thirty-four (34) are incorporated by reference as if fully set out herein.

36. Defendant, Leonard Zacks, is the Chief Executive Officer of Zacks Investment Research, Inc., and an owner, and as such, he possesses the authority to set company policy and make management decisions for the firm.

37. Defendant's supervision and retention of Steve Austin, and other various Zacks computer programers after learning of their collaborated effort to defame Plaintiff and cast him in a false light was a breach of its duty to Plaintiff to use reasonable care in supervising and retaining employees who would not engage in conduct or be so obviously prone to engaging in such conduct which would be harmful to Plaintiff and other employees.

38. Defendant's negligent retention and supervision of its employees proximately caused Plaintiff's injury, including, but not limited to, emotional, psychological, physical, and financial injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court will grant Plaintiff the following relief:

(a) compensate Plaintiff for past and future losses emanating from Defendant's tortious conduct in an amount which exceeds $500,000.00; and

(b) award Plaintiff punitive and exemplary damages for Defendant's willful and malicious conduct in an amount exceeding $2,000,000.00.

## COUNT IV - FALSE LIGHT INVASION OF PRIVACY

The allegations contained in Count IV herein pertain to Defendants, Steve Austin, Leonard Zacks, and Zacks Investment Research, Inc.

39. Paragraphs one (1) through thirty-eight (38) are incorporated by reference as if fully set out herein.

40. Defendants knowingly placed Plaintiff in a false light before the public when they created a digitally altered photograph of Plaintiff performing fellatio and posted it on the world wide web.

41. The photograph of Plaintiff casts him in a false light, both in so far as he was falsely depicted in the pornography performing an act which he did not in fact perform, and in so far as the photograph falsely ascribes to Plaintiff a sexuality and promiscuity which are not his.

42. The false light in which Defendant's cast Plaintiff would be highly offensive to any reasonable person and is highly offensive to Plaintiff.

43. In so far as Defendants directed and/or participated in creating the digitally altered image of Plaintiff depicting him performing fellatio, Defendants acted with knowledge and in reckless disregard of their false portrayal of Plaintiff.

44. Defendants not only disseminated the digitally altered photograph of Plaintiff to the public and throughout Zacks Investment Research, Inc., but also called him a "fag" and "gay", knowing that Plaintiff is not in fact gay and that such would cast a stigma on Plaintiff and injure him within the industry in which he worked.

45. Defendant, Steve Austin, is the Chief Operating Officer of Zacks Investment Research, Inc., and an owner, and as such, he possesses the authority to set company policy and make management decisions for the firm.

46. Defendant, Leonard Zacks, is the Chief Executive Officer of Zacks Investment Research, Inc., and an owner, and as such, he possesses the authority to set company policy and make management decisions for the firm.

47. In extreme abuse of his authority, Steve Austin directed various Zacks computer programers and employees to create the digitally altered photograph of Plaintiff and post it on the world wide web.

48. Leonard Zacks was informed that his Chief Operating Officer and other Zacks employees collaborated in the creation and publication of the humiliating pornography falsely portraying Plaintiff performing fellatio, but has condoned the conduct of his subordinates by abstaining, in extreme abuse of his authority, from taking any action to discipline those responsible for the photograph's creation and publication and in allowing the photograph to remain on the web site and to become more offensive and humiliating as Plaintiff seeks to compel the removal of the photograph from the web site.

49. As a direct and proximate result of these false, misleading, and disparaging communications to third parties, Plaintiff has suffered severe harm, including, but not limited to:

(a) the destruction of his career;

10

(b) the destruction of his reputation within his industry and community;

(c) the loss of past and future wages, and benefits; and

(d) severe emotional and mental anguish, pain, and suffering.

50. Plaintiff has suffered grievous harm as a direct and proximate result of Defendant's willful and malicious false portrayal of him.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court will grant Plaintiff the following relief:

(a) compensate Plaintiff for past and future losses emanating from Defendant's tortious conduct in an amount which exceeds $500,000.00; and

(c) award Plaintiff punitive and exemplary damages for Defendant's willful and malicious conduct in an amount exceeding $2,000,000.00.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The allegations contained in Count V herein pertain to Defendants, Steve Austin, Leonard Zacks, and to Zacks Investment Research, Inc.

51. Paragraphs one (1) through fifty (50) are incorporated by reference as if fully set out herein.

52. Defendants knowingly and intentionally engaged in extreme and outrageous conduct when they created and posted on the world wide web the digitally altered photograph of Plaintiff performing fellatio in order to humiliate and torment Plaintiff.

53. Defendant, Steve Austin, abused his authority as a high ranking officer and owner of Zacks, and as Plaintiff's ultimate supervisor when he purposely directed members of his computer programing staff to create the altered photograph of Plaintiff to publically humiliate

11

him and cause him severe emotional and psychological distress.

54. Defendant, Leonard Zacks, abused his authority as a high ranking officer and owner of Zacks, and as Plaintiff's ultimate supervisor when he purposely allowed the altered photograph of Plaintiff to remain on the web site without consequence to those responsible for creating and publishing the photograph and when he purposely allowed the photograph to be further changed to include lewd slurping sounds, the heading, "Who Says You Can't Find Love in an AOL Chatroom?" and the caption, "Want S'more Dick?" to further perpetuate Plaintiff's humiliation and emotional and psychological distress.

55. Defendants intended to cause Plaintiff emotional distress by their extreme and outrageous conduct.

56. Plaintiff suffered extreme emotional distress and physical harm as a direct and proximate result of Defendants' extreme and outrageous conduct, which directly effected Plaintiff's livelihood, health insurance, emotional, psychological, and physical condition.

57. Defendants intentionally subjected Plaintiff to egregious and abusive treatment which Defendants knew or should have known would cause Plaintiff to suffer severe emotional distress.

## JURY TRIAL

58. Plaintiff requests a trial by jury on all questions of fact raised in the Complaint.

                                                          Respectfully submitted,
                                                         Richard Peal, Plaintiff
                                         By: _____
                                              Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates, P.C.
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

12

## Verification

I, Richard Peal, declare under penalty of perjury that the foregoing is true and correct. Executed on this December 10, 2000.

_____
Richard Peal

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## NOTICE OF RIGHT TO SUE
(Issued on request)

| To: | Richard Peal<br>8650 Victor Lane<br>Des Plaines, IL 60016 | From: | Equal Employment Opportunity Commission<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661-2511 |

Certified Charge No.: 7099 3400 0006 7300 1335

☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 210A10659 | Daniel McGuire, Charge Receipt Supervisor | (312) 353-7511 |

{ See the additional information attached to this form }

**TO THE PERSON AGGRIEVED:** This is your NOTICE OF RIGHT TO SUE. It is issued at your request. If you intend to sue the respondent(s) named in your charge, YOU MUST DO SO WITHIN NINETY (90) DAYS OF YOUR RECEIPT OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

☐ More than 180 days have expired since the filing of this charge.

☒ Less than 180 days have expired since the filing of this charge, but I have determined that the Commission will be unable to complete be unable to complete its process within 180 days from the filing of the charge.

☒ With the issuance of this NOTICE OF RIGHT TO SUE, the Commission is terminating its process with respect to this charge. this charge.

☐ It has been determined that the Commission will continue to investigate your charge.

☐ **ADEA:** While Title VII and the ADA require EEOC to issue this notice of right to sue before you can bring a lawsuit, you may sue under you may sue under the Age Discrimination in Employment Act (ADEA) any time 60 days after your charge was filed until **90 days after you received notice that EEOC has completed action on your charge.**

  ☐ **Because EEOC is closing your case,** your lawsuit under the ADEA must be brought within 90 days of your receipt of this notice. receipt of this notice. Otherwise, your right to sue is lost.

  ☐ **EEOC is continuing its investigation.** You will be notified when we have completed action and, if appropriate, our notice will our notice will include notice of right to sue under the ADEA.

☐ **EPA:** While Title VII and the ADA require EEOC to issue this Notice of Right to Sue before you can bring a lawsuit, you already have already have the right to sue under the Equal Pay Act (EPA) (You are not required to complain to any enforcement agency before bringing an EPA suit in court). EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On Behalf of the Commission

_11-28-00_
(Date)

John P. Rowe, District Director

Enclosures
  Information Sheet
  Copy of Charge

cc: Respondent(s)

Zacks Investment Research, Inc.


RECEIVED 2 9 2000

JS 44
(Rev. 07/88)

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

JUDGE COAR
MAGISTRATE JUDGE BOBRICK

I (a) PLAINTIFFS

RICHARD PEAL

DEFENDANTS

ZACKS INVESTMENT RESEARCH, INC.,
et al.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lisa Kane & Associates
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603

ATTORNEYS (IF KNOWN)

00C 7814

II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is an action seeking redress for violations of Plaint civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U. 2000e et seq. and for redress of various state torts.

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT:   CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

VIII. REMARKS   In response to ☒ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE  12-13-2000   SIGNATURE OF ATTORNEY OF RECORD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

JUDGE COAR

DEC 14 2000

In the Matter of

RICHARD PEAL

vs.

ZACKS INVESTMENT RESEARCH, INC. et al.

MAGISTRATE JUDGE BOBRICK

Case Number: 00C 7814

FILED-ED4
00 DEC 13 PM 3:53
CLERK U.S. DISTRICT COURT

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:**

RICHARD PEAL

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Lisa Kane | NAME: Janice A. Wegner |
| FIRM: Lisa Kane & Associates, P.C. | FIRM: Lisa Kane & Associates, P.C. |
| STREET ADDRESS: 120 South LaSalle Street, #1420 | STREET ADDRESS: 120 South LaSalle Street, #1420 |
| CITY/STATE/ZIP: Chicago, Illinois 60603 | CITY/STATE/ZIP: Chicago, Illinois 60603 |
| TELEPHONE NUMBER: 312-606-0383 | TELEPHONE NUMBER: 312-606-0383 |
| IDENTIFICATION NUMBER: 06203093 | IDENTIFICATION NUMBER: 06200062 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [X] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [X] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Zacharias C. Leonard | NAME: |
| FIRM: Lisa Kane & Associates, P.C. | FIRM: |
| STREET ADDRESS: 120 South LaSalle Street, #1420 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, Illinois 60603 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: 312-606-0383 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 06256274 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [ ] NO [X] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**